

The Law Office of Kevin J. Keating, P.C.
666 Old Country Road, Suite 900
Garden City, NY 11530
516-222-1099 • 212-964-2702
kevin@kevinkeatinglaw.com
Garden City • Manhattan

June 2, 2021

**Via ECF**
Honorable Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York  11722

                Re:    United States v. John Ficarra
                          18-CR-679

Dear Judge Seybert:

      As Your Honor is aware, I represent John Ficarra.  Ficarra was originally arraigned in this matter on December 19, 2018, on bail conditions which included home detention with electronic monitoring.  I write, with the consent of Pretrial Services and without objection from the Government, to request a modification of Ficarra's conditions of release.

      As the Court may recall, Ficarra suffers with numerous chronic debilitating medical conditions.  Among other things, he is diabetic, has had several heart attacks and suffers with kidney failure such that he undergoes dialysis treatment four times a week.  On June 29, 2020, at the request of the defense, Your Honor modified Ficarra's conditions of release by eliminating his electronic monitoring.  The modification stemmed from Ficarra's frequent hospitalizations, and that his leg swelling was such that the continued wearing of the monitoring bracelet had become impractical.  Since this modification, Ficarra has continued to suffer medical set-backs requiring emergent treatment.  As the Court may recall, recently Ficarra was hospitalized for an extended period in serious condition, and thereafter treated at a rehabilitation facility for several weeks in an effort to treat his skin ulcers.

      Since the electronic monitoring component was eliminated, Ficarra has been on a nighttime curfew monitored by the Smart Link System.  With the Smart Link System, Ficarra receives notifications on a nightly basis between approximately 9:00 p.m. and midnight which require his response confirming that he is in his residence.  Yesterday, I spoke with Pretrial Services Officer Mallori Brady, who advised that the Smart Link System is currently not a feasible mechanism to monitor Ficarra in that his nightly required prescription regimen, which includes pain and sleep medication, frequently prevents Ficarra from responding to the Smart Link notification.

Honorable Joanna Seybert
June 2, 2021
Page 2

      With this, with the consent of Pretrial Services, I write to respectfully request that the nighttime curfew/Smart Link notification component of Ficarra's conditions of release be eliminated. I remind the Court that Ficarra is barely ambulatory and customarily utilizes an oxygen tank to assist his breathing.

      I have conferred with AUSA Mirabile who offers no objection to the request.[1]

      Thank you for your consideration.

                              Very truly yours,

                              /s/ *Kevin J. Keating*

                              KEVIN J. KEATING

KJK/dg
cc:    AUSA Catherine Mirabile
        Lekeytria Felder, Esq.
        Mallori Brady

---

[1] Ms. Mirabile has additionally indicated that should Ficarra's medical condition improve, the Government believes that the Court should require an additional financially responsible suretor, or that Ficarra be required to post $20,000 in cash as security for a bond.